**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AYLIN POLAT et al.,<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES DEPARTMENT OF STATE et al.,<br><br>*Defendants*. | Civil Action No. 26-2555 (TJK) |

**MEMORANDUM**

Plaintiffs are 42 individuals who have Diversity Visa ("DV") applications pending before the Department of State ("DOS") or the United States Citizenship and Immigration Services ("USCIS")—including 34 "consular" selectees living abroad and five "adjustment" selectees present in the United States. ECF No. 15 ("Am. Compl."); *see* ECF No. 16. Last year, after a DV recipient allegedly committed a mass shooting at Brown University, the agencies indefinitely paused processing DV applications and adjustments, which the Court refers to as the "DV pauses." *See Ivanov v. Trump*, No. 26-cv-915 (RJL), 2026 WL 2494805, at *2 (D.D.C. Aug. 25, 2026); *see* Am. Compl. ¶¶ 55, 70.

In July 2026, Plaintiffs—whose applications were subject to the DV pauses—sued the agencies and now move for a preliminary injunction or temporary restraining order. ECF Nos. 1, 20. They argue the DV pauses are unlawful and request, among other things, an order directing Defendants to process their pending DV applications by September 25—five days before the looming fiscal-year-end deadline. ECF No. 20 at 3. Thus, time is of the essence for Plaintiffs—as "a[ny] selectee who does not receive a visa by September 30 loses eligibility for that fiscal year." *Ivanov*, 2026 WL 2494805, at *3. But Plaintiffs are members of subclasses certified by another

court that recently vacated the DV pauses and ordered Defendants to expeditiously process DV applications before the end of the fiscal year. *See Medani v. Trump*, No. 26-cv-6332, 2026 WL 2547287 (N.D. Cal. Aug. 28, 2026). Defendants oppose Plaintiffs' motion for injunctive relief, arguing that Plaintiffs must present their claims "through the certified class action to the court that entered the governing injunction." ECF No. 21 at 19. The Court agrees, so it will deny the motion and dismiss the case.

"A preliminary injunction is an extraordinary remedy never awarded as of right," but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 24 (2008). To obtain a preliminary injunction or temporary restraining order, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *see also Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at *3 (D.C. Cir. Feb. 15, 2025) (noting that "[t]he standard for obtaining either a TRO or a preliminary injunction is identical"). Plaintiffs' motion falters at the first factor. Because they are members of subclasses certified in *Medani*, Plaintiffs cannot succeed on the merits of their claims here.

To repeat, Plaintiffs challenge Defendants' DV pauses which have indefinitely paused final adjudication of their DV applications—DOS's DV Pause affecting the 34 consular plaintiffs and USCIS's policy memorandum, PM-602-0193, affecting the five adjustment plaintiffs. Am. Compl. ¶¶ 54–71; ECF No. 20 at 3. But last month, the *Medani* court temporarily vacated the DV pauses and ordered DOS and USCIS "to the extent practicable and in good faith, to take all reasonable steps during the remainder of the . . . fiscal year to reconsider applications refused solely under the [DV pauses]" and to "resume ordinary adjudication of pending applications." *Medani*,

2026 WL 2547287, at *13. That relief was not limited to the plaintiffs in that suit. Rather, the court certified three subclasses under Federal Rule of Civil Procedure 23(b)(2), including "all selectees and derivative beneficiaries under the FY-2026 Diversity Visa Program who are subject to" the DV pauses. *Id.* at *5.

Plaintiffs do not dispute that they are members of these subclasses. *See* ECF No. 20 at 17. Nonetheless, they ask the Court to grant them separate, particularized relief, including an order (1) enjoining Defendants from applying the DV pauses to Plaintiffs' applications specifically; (2) compelling final action on each Plaintiff's application by September 25, 2026; and (3) and directing Defendants, "within 24 hours, to transmit the order to every component responsible for a listed case and, within 48 hours, to file a plaintiff-by-plaintiff status report identifying the responsible component, completed steps, outstanding lawful requirements, and next action." *Id.* at 3.

At the outset, the Court notes that other courts in this district have uniformly denied similar requests from *Medani* class members seeking emergency, plaintiff-specific relief. *See Ugrenyuk v. Rubio*, 26-cv-03181 (APM), 2026 WL 2836682, at *1 (D.D.C. Sept. 22, 2026); *Gadasi v. Rubio*, No. 26-cv-2549 (CRC), 2026 WL 2754355, at *3 (D.D.C. Sept. 17, 2026); *Khimich v. Rubio*, No. 26-cv-3046 (RBW), ECF No. 12 (D.D.C. Sept. 9, 2026). In each case, the court denied the plaintiffs' motion for a preliminary injunction and dismissed the action. The same result is warranted here.

To begin, the Court joins others in concluding that the first-to-file rule bars Plaintiffs from succeeding on the merits. *See Gadasi*, 2026 WL 2754355, at *3; *Ugrenyuk*, 2026 WL 2836682, at *1. "Under [that] rule, 'where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first'" except in "rare case[s] where the equities demand giving the

second-filed action priority." *Gadasi*, 2026 WL 2754355, at *3 (quoting *UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012). The rule applies here. *Medani* was filed a month before this case; Plaintiffs are members of *Medani*'s subclasses; DOS and USCIS officials are defendants in both actions; and Plaintiffs' APA claims largely overlap with those asserted in *Medani*. *Compare* Am. Compl. ¶¶ 163–168, 174–200, *with Medani*, 2026 WL 2547287, at *3; *see also Gadasi*, 2026 WL 2754355, at *3 n.1 (summarizing the claims asserted in *Medani*). Thus, "binding legal principles prevent the court from granting the individualized relief sought here." *Ugrenyuk*, 2026 WL 2836682, at *2.

Plaintiffs argue that *Medani* does not foreclose particularized relief for two reasons, but neither are persuasive. First, they assert that Defendants have not demonstrated that they are adequately processing or re-processing their DV applications in compliance with *Medani*. ECF No. 20 at 17. But other courts in this District have rejected this argument. In *Gadasi*, for instance, the plaintiffs argued "that the relief awarded in *Medani* has proven inadequate, pointing especially to the Government's slow initial compliance." 2026 WL 2754355, at *4. "Even if true," the court said, the proper "recourse is to seek relief from [the *Medani*] court or appeal—not ask another court to second-guess its remedy." *Id.* So too here. Indeed, Plaintiffs' dissatisfaction with Defendants' alleged foot-dragging is understandable considering the impending statutory deadline at the end of the month. But agency recalcitrance does not impact the maxim that this Court "lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

Moreover, the *Medani* court has hardly been passive in enforcing its injunction. To the contrary, it has ordered DOS to submit tri-weekly updates on the number of interviews held and visas issued. *Medani v. Trump* ("*Medani II*"), No. 26-cv-6332, 2026 WL 2667529, at *2 (N.D.

Cal. Sept. 10, 2026). Thus, since "the *Medani* court remains actively engaged in enforcing its injunction," the first-to-file rule "applies with even greater force here." *Gadasi*, 2026 WL 2754355, at *4.

Plaintiffs next argue, in a conclusory fashion, that case-specific relief "is compatible with [*Medani*'s] classwide vacatur" and "does not ask this Court to modify the Northern District of California's order." ECF No. 20 at 17. They are wrong. "A district court abuses its discretion when it grants equitable relief that expands or supplants relief already being administered in a class action involving the same parties and issues." *Gadasi*, 2026 WL 2754355, at *4. And that is precisely what Plaintiffs seek—an order compelling Defendants to process their applications by a date certain and provide regular status reports on their progress. But courts "should not expend judicial resources—and potentially produce contradictory decisions—by allowing the same [plaintiffs] multiple bites at the apple." *Id.* (quoting *UtahAmerican*, 685 F.3d at 1124).

Plaintiffs also assert, without explanation, that such relief "respects statutory rank-order processing and permits any genuine competing-priority or number-control issue to be reported." ECF No. 20 at 20. Not so. The Court fails to see how it could order the agencies to process Plaintiffs' applications on an expedited timetable without diverting resources from other selectees. Rather, as other courts have concluded, "compelling final adjudication of [Plaintiffs'] applications" would inevitably "move them ahead of other *Medani* class members." *Ugrenyuk*, 2026 WL 2836682, at *1. Thus, far from supporting an exception to the first-to-file rule, principles of equity and comity strongly favor denying Plaintiffs the particularized relief they seek.

For these reasons, Plaintiffs have not shown a likelihood of the success of the merits of their claims. That failure alone is sufficient to defeat a motion for a preliminary injunction. *Ark. Dairy Co-op Ass'n, Inc. v. U.S. Dep't of Agric.*, 573 F.3d 815, 832 (D.C. Cir. 2009). Moreover,

the same equitable principles underpinning the denial of Plaintiffs' motion also support dismissing the case. *See Gadasi*, 2026 WL 2754355, at *5; *Ugrenyuk*, 2026 WL 2836682, at *2. District courts have inherent authority to sua sponte dismiss an action "duplicative of a parallel action already pending in another federal court" as an exercise of "wise judicial administration." *Mendlow v. Libr. of Cong.*, 194 F.3d 174 (D.C. Cir. 1999). Because Plaintiffs' suit is duplicative of the earlier-filed *Medani* action, the Court will exercise that discretion and dismiss this case.

For all these reasons, the Court will deny Plaintiffs' Motion for a Preliminary Injunction or Temporary Restraining Order and dismiss the case. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 24, 2026